# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

DIRECT REPLY TO:

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone:  [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

June 27, 2006

Nancy Mayer-Whittington, Clerk
1834 E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001-2802

Re:  MDL-1772 -- In re Series 7 Broker Qualification Exam Scoring Litigation

(See Attached Schedule A of Order)

Dear Ms. Mayer-Whittington:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter.  The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience.  Also enclosed are a complete set of the Panel Rules and a copy of Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts.  These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference.  Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated.  We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions.  Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

- 2 -

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By

Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L.,
transfer order, Panel Attorney Service List, and complete Panel Rules):

|  |  |  |
|---|---|---|
|  | Transferee Judge: | Judge John D. Bates |
| cc w/order only: | Transferee Chief Judge: | Judge Thomas F. Hogan |

cc w/order and Rule 1.6, R.P.J.P.M.L.:

|  |  |
|---|---|
| Transferor Clerk(s): | J. Michael McMahon |
|  | James W. McCormack |
|  |  |
| Transferor Judge(s): | Judge Deborah A. Batts |
|  | Judge James M. Moody |
|  | Judge Reggie B. Walton |

JPML Form 33

A CERTIFIED TRUE COPY

JUN 2 7 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1772*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 7 2006

FILED
CLERK'S OFFICE

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION*

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of nine actions listed on the attached Schedule A and pending in the following districts: four actions each in the District of District of Columbia and the Southern District of New York, and one action in the Eastern District of Arkansas.[1] Before the Panel are two motions, one by plaintiffs in two actions in the Southern District of New York and another, as amended, by defendant the National Association of Securities Dealers (NASD), for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, of the nine actions taken together.[2] Every responding party agrees that centralization is appropriate. NASD, along with defendant Electronic Data Systems Corp. and plaintiffs in one Southern District of New York action and the potential tag-along action in the Southern District of Ohio, support transfer to the Southern District of New York. Plaintiffs in three Southern District of New York actions (including the original movants) plus four actions and three potential tag-along actions pending in the District of District of Columbia prefer transfer to the District of District of Columbia. Plaintiff in the Eastern District of Arkansas action supports transfer to the Eastern District of Arkansas.

---

[1] The Panel has been notified of six related actions pending, respectively, as follows: four actions in the District of District of Columbia, and an action each in the Southern District of New York and the Southern District of Ohio. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] The two plaintiffs submitting the initial Section 1407 motion moved to "withdraw the complaints" in their actions, which are both pending in Southern District of New York, on March 20, 2006. The actions (*Crabbe* and *Cutler*), however, previously were stayed on March 10, 2006, pending the Panel's decision. The New York court has not ruled upon plaintiffs' motions to withdraw their complaints and, presumably, voluntarily dismiss their actions. Another action pending in the Southern District of New York (*Hester*) and included in NASD's motion is also subject to a stay pending the Panel's ruling; plaintiff in *Hester* has filed a Rule 41(a)(1) notice of voluntary dismissal. An action pending in the Middle District Tennessee and subject to the initial Section 1407 motion has since been voluntarily dismissed, and Panel consideration of that action is thus moot. All but one of these plaintiffs have since refiled their action in the District of District of Columbia, as the *Hester* and *Cutler* actions that were included in NASD's amended motion for transfer.

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that these nine actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning the cause or causes of errors in scoring the Series 7 Broker Qualification Exam, a computerized qualifying test required for anyone employed by a securities firm that wishes to register individuals as general securities representatives dealing with the public. These errors caused approximately 1,900 individuals to incorrectly receive a failing grade. Plaintiffs allege, on behalf of overlapping putative classes of all individuals who took the exam and received an erroneous failing grade, such common law claims as breach of contract, negligence, negligent misrepresentation, defamation, and tortious interference with contract and/or business relationships. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of District of Columbia is an appropriate transferee forum for this litigation. The largest number of actions are pending in the District of District of Columbia (including potential tag-along actions), and relevant documents and witnesses may be found at NASD's District of Columbia headquarters or its testing and continuing education division, which is located nearby in the District of Columbia suburbs.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable John D. Bates for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1772 -- In re Series 7 Broker Qualification Exam Scoring Litigation

### Eastern District of Arkansas

*Skylar S. Jordan v. National Association of Securities Dealers, Inc.*, C.A. No. 4:06-366

### District of District of Columbia

*William Lowe v. National Association of Securities Dealers, Inc., et al.,*
    C.A. No. 1:06-280
*Timothy Wallin v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-382
*Linda Cutler v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-525
*Jennifer Hester, et al. v. National Association of Securities Dealers, Inc.,*
    C.A. No. 1:06-554

### Southern District of New York

*Andrew Crabbe v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1085
*Linda Cutler v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1208
*Jennifer Hester v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1238
*Gueorgui Ivanov v. National Association of Securities Dealers, Inc., et al.,*
    C.A. No. 1:06-2388

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

JUN 27 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1772*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of nine actions listed on the attached Schedule A and pending in the following districts: four actions each in the District of District of Columbia and the Southern District of New York, and one action in the Eastern District of Arkansas.[1] Before the Panel are two motions, one by plaintiffs in two actions in the Southern District of New York and another, as amended, by defendant the National Association of Securities Dealers (NASD), for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, of the nine actions taken together.[2] Every responding party agrees that centralization is appropriate. NASD, along with defendant Electronic Data Systems Corp. and plaintiffs in one Southern District of New York action and the potential tag-along action in the Southern District of Ohio, support transfer to the Southern District of New York. Plaintiffs in three Southern District of New York actions (including the original movants) plus four actions and three potential tag-along actions pending in the District of District of Columbia prefer transfer to the District of District of Columbia. Plaintiff in the Eastern District of Arkansas action supports transfer to the Eastern District of Arkansas.

---

[1] The Panel has been notified of six related actions pending, respectively, as follows: four actions in the District of District of Columbia, and an action each in the Southern District of New York and the Southern District of Ohio. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] The two plaintiffs submitting the initial Section 1407 motion moved to "withdraw the complaints" in their actions, which are both pending in Southern District of New York, on March 20, 2006. The actions (*Crabbe* and *Cutler*), however, previously were stayed on March 10, 2006, pending the Panel's decision. The New York court has not ruled upon plaintiffs' motions to withdraw their complaints and, presumably, voluntarily dismiss their actions. Another action pending in the Southern District of New York (*Hester*) and included in NASD's motion is also subject to a stay pending the Panel's ruling; plaintiff in *Hester* has filed a Rule 41(a)(1) notice of voluntary dismissal. An action pending in the Middle District Tennessee and subject to the initial Section 1407 motion has since been voluntarily dismissed, and Panel consideration of that action is thus moot. All but one of these plaintiffs have since refiled their action in the District of District of Columbia, as the *Hester* and *Cutler* actions that were included in NASD's amended motion for transfer.

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that these nine actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning the cause or causes of errors in scoring the Series 7 Broker Qualification Exam, a computerized qualifying test required for anyone employed by a securities firm that wishes to register individuals as general securities representatives dealing with the public. These errors caused approximately 1,900 individuals to incorrectly receive a failing grade. Plaintiffs allege, on behalf of overlapping putative classes of all individuals who took the exam and received an erroneous failing grade, such common law claims as breach of contract, negligence, negligent misrepresentation, defamation, and tortious interference with contract and/or business relationships. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of District of Columbia is an appropriate transferee forum for this litigation. The largest number of actions are pending in the District of District of Columbia (including potential tag-along actions), and relevant documents and witnesses may be found at NASD's District of Columbia headquarters or its testing and continuing education division, which is located nearby in the District of Columbia suburbs.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable John D. Bates for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1772 -- In re Series 7 Broker Qualification Exam Scoring Litigation

### Eastern District of Arkansas

*Skylar S. Jordan v. National Association of Securities Dealers, Inc.*, C.A. No. 4:06-366

### District of District of Columbia

*William Lowe v. National Association of Securities Dealers, Inc., et al.*,
    C.A. No. 1:06-280
*Timothy Wallin v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-382
*Linda Cutler v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-525
*Jennifer Hester, et al. v. National Association of Securities Dealers, Inc.*,
    C.A. No. 1:06-554

### Southern District of New York

*Andrew Crabbe v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1085
*Linda Cutler v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1208
*Jennifer Hester v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1238
*Gueorgui Ivanov v. National Association of Securities Dealers, Inc., et al.*,
    C.A. No. 1:06-2388

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Docket: 1772 - In re Series 7 Broker Qualification Exam Scoring Litigation
Status:   Transferred on 06/27/2006
Transferee District: DC      Judge: Bates, John D.

Printed on 06/27/2006

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Balestriere, John<br>Balestriere, P.L.L.C.<br>225 Broadway<br>Suite 2700<br>New York, NY 10007 | => Crabbe, Andrew*; Cutler, Linda* |
| Berk, Steven N.<br>Cuneo Gilbert & LaDuca, LLP<br>507 C Street, N.E.<br>Washington, DC 20003 | => Hester, Jennifer; Lowe, William |
| Fox, Frederic S.<br>Kaplan Fox & Kilsheimer, LLP<br>805 Third Avenue<br>22nd Floor<br>New York, NY 10022 | => Ivanov, Gueorgui* |
| Juda, Nancy M.<br>Lerach Coughlin Stoia Geller Rudman & Robbins, LLP<br>1100 Connecticut Avenue, N.W.<br>Suite 730<br>Washington, DC 20036 | => Wallin, Timothy |
| Karen, James P.<br>Jones Day<br>2727 North Harwood Street<br>Dallas, TX 75201 | => EDS Corp.*; Electronic Data Services Corp.* |
| Martin, Gerald E.<br>Barrett, Johnston & Parsley<br>217 Second Avenue North<br>Nashville, TN 37201 | => Plunkett, Jason* |
| Poynter, Scott E.<br>Emerson Poynter, LLP<br>2228 Cottondale Lane<br>Suite 100<br>Little Rock, AR 72202 | => Jordan, Skylar S. |
| Rittinger, James F.<br>Satterlee, Stephens, Burke & Burke<br>230 Park Avenue<br>Suite 1130<br>New York, NY 10169-0079 | => Thomson Prometric, Inc.* |
| Warin, F. Joseph<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306 | => National Association of Securities Dealers, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

RULE 1.6:    TRANSFER OF FILES

(a)    Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b)    If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c)    If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d)    Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:
  (i)    a certified copy of the individual docket sheet for each action being remanded;
  (ii)   a certified copy of the master docket sheet, if applicable;
  (iii)  the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
  (iv)   a certified copy of the final pretrial order, if applicable; and
  (v)    a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e)    The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.